.
# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL POPE, JR.,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:20-CV-01399-RDP |
| } | |
| **SHAMARION DOZIER and MERRILL** } | |
| **SHOULDERS,** } | |
| } | |
| **Defendants.** } | |

## **MEMORANDUM OPINION**

This matter is before the court on Plaintiff's Motion for Reconsideration (Doc. # 90) pursuant to Federal Rule of Civil Procedure 59(e). In his Motion, Plaintiff asks the court to reconsider its partial grant of summary judgment on Plaintiff's deliberate indifference to a serious medical need claim. (Docs. # 81, 82). The Motion is fully briefed and ripe for consideration. (Docs. # 90, 94, 98). For the reasons provided below, Plaintiff's Motion (Doc. # 90) is due to be denied.

**I.      Standard of Review**

"Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 (2008) (quoting 11 C. Wright, A. Miller, et al., Fed. Prac. & Proc. § 2810.1, pp. 127-28 (2d ed. 1995) (footnotes omitted)). The grant or denial of a motion to reconsider is left to the discretion of the district court. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000). However, a moving party must do more than merely ask the court for a reevaluation of an unfavorable ruling. Rather, the general rule is that "[t]he only grounds for granting [a Rule 59] motion are newly-discovered

evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). While a court may reconsider a prior order, "courts should be loath to do so in the absence of extraordinary circumstances." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1370 (11th Cir. 2003) (quoting *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988)).

**II.     Analysis**

Although the court granted summary judgment for Defendants on Counts Two and Three of the Complaint, Plaintiff only asks this court to reconsider the grant of summary judgment as to Count Two. Plaintiff contends the court should reconsider its decision for two reasons: (1) the court's use of *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176 (11th Cir. 1994) [1] was improper under Rule 56(f)(2) of the Federal Rules of Civil Procedure and (2) this court's decision does not comport with Eleventh Circuit case law. The court disagrees.

**A.     The court's use of the *Hill* case does not violate Federal Rule of Civil Procedure 56(f)(2).**

Plaintiff relies on Rule 56(f)(2) to support his argument that the court should not have relied on *Hill v. Dekalb Regional Youth Detention Center*. Plaintiff further asserts that, because neither party cited to nor relied upon *Hill*, the court was not entitled to use the case in its analysis. However, nothing in the plain language of the Rule, the Commentary to the Rule, or the relevant case law suggests that the court is permitted to only address the authorities cited by the parties.

Rule 56(f) provides: "After giving notice and a reasonable opportunity to respond, the court may: (2) grant the [summary judgment] motion on grounds not raised by a party." While Plaintiff contests that the inclusion of one additional case not cited by either party constitutes "grounds not raised by a party," the Eleventh Circuit has held otherwise. *See Amy v. Carnival Corporation*, 961 F.3d 1303, 1311-12 (11th Cir. 2020) (finding the district court erred by deciding summary

---

[1] *Overruled in part on other grounds by Hope v. Peltzer*, 536 U.S. 730, 739 n. 9 (2002).

judgment based on a defense not pled by the defendant in its motion); *see also Breeding v. Integrated Behavioral Health Inc.*, No. 22-10374, 2023 WL 3735341, at *2 (11th Cir. May 31, 2023) (upholding the district court's grant of summary judgment based on a theory not pled by defendant in its motion but argued by plaintiff in the complaint); *American Contractors Supply, LLC v. HD Supply Construction Supply, Ltd.*, 989 F.3d 1224, 1241 n. 9 (11th Cir. 2021) (rejecting plaintiff's argument because defendant's motion for summary judgment sought a ruling on all claims though the briefing focused on one statutory provision).

Contrary to Plaintiff's assertion, this court is not an automaton. *Weakley v. Marshall*, 2020 WL 136870, *2 (N.D. Ala. Jan. 13, 2020). The court is not restricted to reviewing and assessing only those cases cited by the parties, nor is the court prohibited from conducting its own research. Under Plaintiff's rationale, courts would only have the authority to rely on the cases included in the four corners of a particular motion or response. So, the argument goes, courts are forbidden from utilizing available case law, prevented from relying on binding authority, and discouraged from referencing factually similar cases unless they are cited in a motion or opposition to it. That makes no sense – legally or logically.

Defendants argued in their motion that summary judgment ought to be granted because "the undisputed factual record does not establish that Defendants denied Plaintiff medical care for a serious medical need." (Doc. # 68, p. 3). Defendants also stated, "Plaintiff's allegations combined with the undisputed factual record fail to establish these Defendants were deliberately indifferent to a serious medical need." (*Id.* at p. 20). As such, to determine whether there was a genuine dispute of material fact as to the deliberate indifference claim, this court reviewed the relevant case law – including the *Hill* case – in reaching its ruling. Thus, it is incorrect to say that this court granted summary judgment on grounds not raised by either party.

### B. Plaintiff has not shown extraordinary circumstances to reconsider the previous grant of summary judgment in favor of Defendants.

Plaintiff claims that the court's grant of summary judgment and reliance on *Hill* misapplies relevant case law. Specifically, Plaintiff claims that the Eleventh Circuit has "repeatedly upheld delay-causing-pain claims" such as Plaintiff's in this case. (*Id.*). But, this case is distinguishable from those Eleventh Circuit decisions. Accordingly, the court's application of *Hill* and other case law properly applies Eleventh Circuit precedent to the facts of this case.

When evaluating a claim of deliberate indifference, courts must rely on a subjective standard to determine whether a defendant acted with negligence or deliberate indifference when a delay in medical care is involved. *See Goebert v. Lee County*, 510 F.3d 1312, 1327 (11th Cir. 2007). Three factors are relevant for this determination: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." *Id.* Plaintiff relies on numerous cases to support the argument that pain is enough to satisfy his burden. While the Eleventh Circuit has upheld claims in which pain stemmed from a delay in medical care, this case is distinguishable from those for one important reason: the seriousness of the medical need. *See Valderrama v. Rousseau*, 780 F.3d 1108, 1116 (11th Cir. 2015) ("A plaintiff must first establish the existence of an objectively serious medical need."); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an *excessive risk* to inmate health or safety.") (emphasis added); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999) (cancer resulting in extreme abdominal pain, vomiting, and difficulty eating); *Brown v. Hughes*, 894 F.2d 1533 (11th Cir. 1990) (two broken bones in the left foot resulting in swelling); *Harris v. Coweta County*, 21 F.3d 388 (11th Cir. 1994) (fingernails growing

into defendant's palm leading to diagnostic tests and surgery).

The undisputed record shows the following: (1) Plaintiff's wounds were beginning to heal when he was taken to the infirmary; (2) Plaintiff's wounds were described as "superficial" and "pinpoints"; (3) no evidence indicated that Plaintiff required stitches or that the wounds became infected; and (4) no evidence suggests that Plaintiff attended any follow-up visits for treatment of his injuries. Injuries with such characteristics are not deemed a "serious medical need" when viewed in light of Eleventh Circuit precedent. Accordingly, even though Plaintiff's expert opined that his wounds were acute in nature, this court determined that the undisputed evidence failed to show a serious medical need and failed to show the delay worsened Plaintiff's medical condition. Because Plaintiff failed to satisfy his burden to prove a genuine issue of material fact on this claim, the court granted Defendants summary judgment.

Plaintiff has not established that the court's grant of summary judgment for Defendants was in error. Therefore, Plaintiff's motion is due to be denied.

### III. Conclusion

For the reasons explained above, Plaintiff's Motion (Doc. # 90) is due to be denied. A separate order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this September 19, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE